The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
This is in response to your request for an opinion on several questions concerning the allocation of expenses of the Russellville Municipal Court. You note that the Court was created by Russellville Ordinance 440 of 1951, pursuant to Act 60 of 1927 (A.C.A. § 16-17-204 (Repl. 1999)), and that while the Ordinance tracks the language of § 16-17-115 with regard to the payment of the municipal judge and clerks' salaries, it does not address the issue of expenses. You state that Pope County and the City of Russellville currently each pay fifty percent of the expenses of the Court, as well as fifty percent of the salaries of the municipal judge and clerks.
You have asked the following questions in this regard:
 1. Does A.C.A. 16-17-115 contemplate that the county will pay fifty percent of the expenses or that the expenses will be apportioned between the city and county divisions and the county will pay only those expenses attributable to the county division?
 2. Can the city and county agree that an exact apportionment may be unobtainable and agree on a figure between themselves?
RESPONSE
It is my opinion that Pope County has no obligation under state law to pay any expenses of the Russellville Municipal Court other than one-half of the salaries of the municipal judge and the municipal court clerk.[1]
I believe the County could, if it so chose, agree to contribute toward other operating expenses of the Municipal Court. But in my opinion it is not obligated to do so by § 16-17-115, nor has my research disclosed any separate statute imposing such an obligation on the County.
Question 1 — Does A.C.A. 16-17-115 contemplate that the county will payfifty percent of the expenses or that the expenses will be apportionedbetween the city and county divisions and the county will pay only thoseexpenses attributable to the county division?
Section 16-17-115 states as follows:
 Except as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the municipal courts organized in that county under the provisions of § 16-17-201 et seq. and § 16-17-301 et seq., and the quorum court in counties subject to the provisions of either subchapters 2 and 3 or both, of this chapter shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such municipal courts. These payments shall be made out of the municipal court cost fund and general revenues of the county and this duty may be enforced by mandamus proceedings.
A.C.A. § 16-17-115 (Repl. 1999) (emphasis added).
This office has previously opined that the language emphasized above in § 16-17-115 does not require a county to pay any expenses other than one-half of the stated salaries.[2] Op. Att'y Gen. Nos. 93-001, 88-011, and 84-098. Please note that I have enclosed a copy of Opinion93-001, which outlines in detail the basis for this conclusion. I agree with the analysis therein. In my opinion, "the county's proportion of theexpenses" (see above-emphasized language) refers back to one-half of the salaries, rather than imposing any other financial obligation on the county.
In response to your specific question, therefore, it is my opinion that § 16-17-115 does not contemplate either of these payment scenarios. Rather, in my opinion, the legislature intended to restrict the county's financial responsibility to the payment of salaries as stated.
Question 2 — Can the city and county agree that an exact apportionmentmay be unobtainable and agree on a figure between themselves?
As stated above, it is my opinion that § 16-17-115 contemplates no apportionment of expenses other than salaries of the judge and clerk. If, however, the County wishes to agree to contribute toward other expenses of the Court, in my opinion there is no general prohibition against such an agreement. Although state law imposes no such obligation, it is my opinion that the appropriation of County general funds to the City for other expenses of the Municipal Court would be for a public purpose and within the County's authority over "county affairs" under Amendment 55 to the Arkansas Constitution. Accord Op. Att'y Gen. 97-102.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] I concluded in Attorney General Opinion 99-207 that in the absence of a specific statute providing otherwise, a county is not required to contribute toward the salaries of deputy clerks.
[2] The introductory phrase "[e]xcept as authorized otherwise," in §16-17-115 requires that reference be made to any other legislation governing the particular municipal court in question to determine the county's exact funding obligation. In the case of the Russellville Municipal Court, there is no separate statute imposing any other funding requirement on the County. See A.C.A. § 16-17-108 (kkkk) (Repl. 1999) (establishing various salary ranges, but containing no language regarding the funding of such salaries).